**BOWLES, Price Administrator, v. HALL et al.**

**Civil Action No. 5186.**

District Court, W. D. Pennsylvania.

Dec. 28, 1945.

Thomas F. Garrahan, Pittsburgh Enforcement Atty., Pittsburgh District Office, Robert B. Greer, Rent Enforcement Atty., Pittsburgh District Office, and David R. Levin, Rent Atty., Pittsburgh Defense-Rental Area, all of Pittsburgh, Pa., for plaintiff.

Anthony Cavalcante, of Uniontown, Pa., for defendant.

McVICAR, District Judge.

This is an action by Chester Bowles, Price Administrator, for injunctive relief against Daisy Hall, defendant landlord, and the Sheriff in a writ of execution issued on a judgment procured by her in Fayette County, Pennsylvania, against her tenants M. P. McDonough and his wife, Mrs. M. P. McDonough. The Court, after hearing, makes the following findings of fact and conclusions of law:

### Findings of Fact.

1. On March 7, 1942, and prior thereto and continuing until the present time, Daisy Hall, defendant, has been and is the owner of real estate located at 385 Coolspring Street, North Union Township, Fayette County, Pennsylvania, upon which is located an eight room dwelling house on two floors.

2. On March 7, 1942, Daisy Hall by a written lease, leased to M. P. McDonough and his wife said premises, reserving two rooms for herself therein, at a monthly rental of $30 per month, the lease to continue from month to month.

3. The rent specified in said lease was $30 per month.

4. August 11, 1945, the Area Rent Office of the Office of Price Administration reduced the rent on said premises from $30 per month to $28 per month, retroactive to August 1, 1943.

5. The tenants paid to Daisy Hall all rent due her under said lease as modified by the Area Rent Office up to and including the present time.

6. Daisy Hall served notice upon the McDonoughs, her tenants, that she desired possession of the premises leased for her own use. Several notices were served, the first being in the year 1943.

7. Section 6 of the Rent Regulation for Housing, aforesaid, provides:

"Sec. 6. Removal of tenant—(a) Restrictions on removal of tenant. So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto, unless;" the landlord "seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself * * *." Sec. 6 (a) (6).

8. Daisy Hall, the defendant, in seeking to recover possession of the demised premises does not seek in good faith to recover possession thereof for immediate use and occupancy as a dwelling for herself.

9. The tenants have not ousted Daisy Hall, the landlord, from possession of rooms reserved by her in the lease by padlocking or otherwise.

10. On October 22, 1945, judgment was entered by virtue of a warranty of attorney contained in the aforesaid lease in the Court of Common Pleas of Fayette County, Pennsylvania, and an execution was issued on said judgment the same day for recovery of possession of the property leased by Daisy Hall to the McDonoughs, her tenants, and to recover two months' rent at the rate of $30 per month. On the same day, the Sheriff made a levy on the personal property of the McDonoughs on said premises.

11. On October 26, 1945, the attorney for Daisy Hall filed a paper with the Sheriff directing certain credits to be given the tenants for rent, which was contrary to the original instructions given the Sheriff.

12. The lease between the landlord and the tenants, aforesaid, authorizes any attorney to appear for the tenants and confess judgment against them for the amount of the rent then due and unpaid, with an attorney's commission of ten per cent, etc. It further provides that on failure of the tenants to pay the installments of rent as due, keep all the covenants of the lease or on failure to remove from the premises on the termination of the same, then the lessees empower any attorneys to appear in court and confess judgment in an amicable action of ejectment for the leased premises, and further authorizes the immediate issuance of a Writ of Habere Facias Possessionem, with clause of Fi. Fa. for rent due, costs, etc.

13. In the proceedings in the Court of Common Pleas of Fayette County, Pennsylvania, the same attorney appeared for Daisy Hall, the landlord, as plaintiff, and also, as attorney for the McDonoughs, the tenants.

14. The attorney in the confession of judgment against the tenants in the above proceeding (who represented the landlord and tenants) stated, in writing, the following:

"By virtue of a general warranty of attorney hereto attached and authorization thereto, I hereby agree that the above action be entered with like effect as if a summons in ejectment had been regularly issued out of the said Court at the suit of the plaintiff against the defendants, and had been duly served and so returned by the Sheriff and that judgment be entered forthwith by the Prothonotary, and that the plaintiff recover from the defendants possession of the above described premises, the amount of rent due, to-wit: $60.00 and costs, without stay of execution, waiving inquisition and exemption."

15. The landlord made affidavit in the aforesaid proceedings for judgment against her tenants, referred to above, that it was based on termination of the lease, ouster of landlord by tenants, and nonpayment of rent. These reasons are not true and were not made in good faith.

16. The notice given by Daisy Hall, the landlord, to the Area Rent Office of the aforesaid proceeding did not comply with Rent Regulation Sec. 6 (d) (2) in that it did not state the ground under said section upon which removal or eviction was sought.

## Conclusions of Law.

I. There was no rent due Daisy Hall, the landlord, from the tenants M. P. McDonough and his wife at the time that the judgment was entered in the Common Pleas Court of Fayette County, Pennsylvania.

II. The defendant, Daisy Hall, is not seeking to recover possession of the leased premises in good faith for immediate use and occupancy as a dwelling for herself.

III. The tenants have not ousted Daisy Hall, the landlord, from possession of the rooms reserved by her in the lease by padlocking or otherwise.

IV. The reasons assigned by the landlord in the proceedings to enter judgment in the Common Pleas Court of Fayette County, namely, that the lease was terminated, that she was evicted or dispossessed by the tenants and for nonpayment of rent are not true and were not made in good faith.

V. The defendant, Daisy Hall, has failed to comply with the requirements of the Rent Regulation for Housing prior to the entry of the judgment referred to above with respect to the giving of proper notices to the tenant and to the Area Rent Office.

VI. Plaintiff is entitled to a permanent injunction restraining the defendants from proceeding further on the writ of execution issued by the Common Pleas Court of Fayette County; to an injunction restraining the defendant, Daisy Hall, from any proceedings on her lease to the McDonoughs by reason of rent alleged to be in arrears when the judgment in the Court of Common Pleas of Fayette County was en-

tered, prior to the entry of said judgment; or by reason of any alleged eviction or dispossession of the rooms reserved for herself in the lease.

VII. The defendant, Daisy Hall, should pay the costs.

Opinion.

The facts are set forth in the foregoing findings of fact and conclusions of law. It appears from these findings and conclusions that the tenants were not in arrears in rent when the judgment against them was entered in the Court of Common Pleas of Fayette County, Pennsylvania; that the landlord did not seek in good faith to recover possession of the demised premises for immediate use and occupancy for herself; and further, that she was not evicted or dispossessed of the rooms reserved by her in the lease to the tenants. It also appears that the landlord failed to comply with Rent Regulation Sec. 6 (d) (2) in the notice given to the Area Rent Office, in that she did not state the ground under said section upon which removal or eviction was sought. I am, therefore, of the opinion that an injunction should issue in accordance with the foregoing findings of fact, conclusions of law and this opinion.

Let an order for judgment be prepared and submitted.